# CRIMINAL APPEALS
## CERTIFICATE OF NOTICE OF APPEAL TO THE FOURTH COURT OF APPEALS

TRIAL COURT NO. 2014CR3955

THE STATE OF TEXAS

VS

REGGIE DAVID VINE

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/16/2015 3:46:30 PM
KEITH E. HOTTLE
Clerk

IN THE 399TH DISTRICT COURT
OF
BEXAR COUNTY, TEXAS

1. Defendant filed motion for new trial: _X_ no __ yes, date filed:_____

2. Notice of appeal was filed on _01-09-2015_

3. The Honorable _RAY OLIVARRI_____ presided at the _trial_____.

4. The above named defendant was _convicted_____ of the offense(s) of _POSS CS PG 1  1 GRAM TO 4 GRAM____

   as a (Repeater)(XXXXXXXX

5. State's  appeal attorney: _NICHOLAS LAHOOD_____     _300 Dolorosa, Suite 4025, Bexar County Justice_
   Center, San Antonio, Texas,78205 (210)335-2413      SBN: _24030360_____

6. _Trial_____ Attorney(s): _EARL FRANCIS LEVIS_____

   (Retained)(Appointed) Appeals attorney:_____
   Address & Phone No:_____ SBN:_____
   _____    _____

   Defendant Pro-SeX Yes__No
7. The trial held was:___Trial before the Court          ___Jury trial on guilt only
                        ___Jury trial on punishment only    ___Jury trial guilt and punishment
                        _X_Plea of guilt / nolo contendere to court - negotiated plea agreement followed by court
                        ___Pretrial motion heard prior to plea   ___Open/non negotiated plea of guilty/nolo contendere
                        ___Motion to enter adjudication of guilt  ___Motion to revoke community supervision
                        ___Other_____

8. The sentence was (suspended) on:11-07-2014 for a period of:yrs:005 mths:00
   and a fine of $ _____1,500.00_____

9. Defendant  is presently in:_X_ BCADC ___ TDCJID. Defendant is on ____40,000.00_____ appeal bond.

10. Name and Address of Court Reporter(s) who reported the evidence: _SACHIKO NAGAO_____
    _____

11. If two or more cases were tried together the other cases that have been or may be appealed are:(Defendant's na
    & cause number) _____

WITNESS MY HAND THIS THE _16th_ DAY OF _January_____, 20_15__

COURT REPORTER(S): _SACHIKO NAGAO_____    Date:_01/16/2015_____
_____      Date:_____
KEITH E. HOTTLE, CLERK

BY:_____    Date:_____
   Deputy

DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK

BY:_____

FELAN, REGINA MARIE                        ,DEPUTY

(jsdca)

(Bond)(Jail)



Sid: 1022028

**STATE OF TEXAS**
**BEXAR COUNTY**

399TH DISTRICT COURT

## APPOINTMENT OF ATTORNEY - Appeal

The Court in accordance with Article 26.04 Code of Criminal Procedure, as Amended, hereby appoints: George Shaffer 18083300

Attorney      Bar No.

to represent defendant Reggie David Vine

Defendant

in Case No(s): 2014 CR 3955

　　　　Such representation is to continue, (unless relieved by the court earlier, after a finding of good cause is entered on the record), until charges are dismissed, the defendant is acquitted, all post-trial motions are resolved, notice of appeal is perfected, or until relieved by the court or replaced by other counsel.

　　　　Performance of duties under this order of appointment will result in submission of your claim for payment by submitting a payment voucher for court approval.

SIGNED 15th January, 2015.

**JUDGE RAY J OLIVARRI**
**399TH JUDICIAL DISTRICT COURT**

Cause NO. 2014CR3985

THE STATE OF TEXAS

VS.

Reggie D. Vine

IN THE DISTRICT COURT

399 JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## NOTICE OF APPEAL FROM NEGOTIATED PLEA

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Reggie Vine , Defendant in the above styled and numbered cause, and within thirty (30) days of sentence having been pronounced against him in court, and files this his Notice of Appeal from Negotiated Plea pursuant to the Texas Rules of Appellate Procedure, Rule 25.2 (b)(3), and Article 1.15 of the Texas Code of Criminal Procedure, and who would state the following:

1. There was a trial in this cause

   ( ) yes          ( V ) no

   and the trial was a

   ( ) jury trial          ( V ) non-jury trial

2. The trial commenced on the 7 day of December , 2014 , and ended on the 8 day of December , 2015 .

3. There was a plea bargain agreement in this cause

   ( V ) yes          ( ) no

4. The plea bargain agreement was followed by the Court

   ( ) yes          ( V ) no

5. Defendant was sentenced on the 7 day of December , 2015 , and sentence commenced on the on the 8 day of December , 2015 ,

6. A motion for New Trial was filed in this cause

   ( ) yes          ( V ) no

Also pursuant to Rule 25.2 (b)(3) (A), (B) and (C), the following indicated items apply as a basis for Defendant's notice of appeal:

_____ (A)    the appeal is for a jurisdictional defect (explanation attached hereto);

_____ (B)    the substance of the appeal was raised by written motion and ruled on before trial

                (motion and ruling attached hereto);

_____ (C)    permission to appeal

   ( ) has been granted by trial court          ( ) has been denied by trial court

Respectfully submitted,

_____
Defendant

No. 2014CR3955

The State of Texas            §            In the 399TH District Court

vs.                           §            of

REGGIE VINE                   §            Bexar County, Texas

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐    is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (or)

☐    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (or)

☑    is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐    is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction; (or)

☐    is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal; (or)

☐    is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal; (or)

☐    is one in which the defendant has waived the right of appeal.

_____          _____ 11.7.14
JUDGE                                     Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2.

_____
DEFENDANT

Mailing address:_____
Telephone number:_____

Fax number if any:_____

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
ATTORNEY FOR DEFENDANT

Bar number:_____
Mailing address:_____

_____
Telephone:_____
Fax:_____

*"A defendant in a criminal case has the right of appeal under Code of Criminal Procedure Article 44.02 and these rules. This trial court shall enter a certification of the defendant's right of appeal each time it enters a judgement of guilt or other appealable order. In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contedere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF OF APPELLATE PROCEDURE 25.2(a)(2).